FILED
ELECTRONICALLY FILED 2016-09 PM 02:31
10/27/2016 11:19 U.S. DISTRICT COURT
63-CV-2016-901171.00 D. OF ALABAMA
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT
## OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| REUBEN CURB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, | ) | |
| a corporation;  EQUIFAX | ) | |
| INFORMATION SERVICES, INC., a | ) | JURY DEMAND |
| corporation; EXPERIAN | ) | |
| INFORMATION SOLUTIONS, | ) | |
| INC., a corporation; TRANS UNION, | ) | |
| LLC, a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

**COMES NOW** Plaintiff Reuben Curb (hereinafter "Plaintiff") by and through his attorneys of record and files Plaintiff's Complaint against Defendants and states as follows:

### JURISDICTION AND VENUE

1.    This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"], the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]),



and the Real Estate Settlement Procedures Act[1], 12 U.S.C. § 2605 ("RESPA") by the Defendants.

2. Venue is proper in this Court as Plaintiff resides in this County and all Defendants do business in this County.

## PARTIES

3. The Plaintiff, Reuben Curb ("Plaintiff"), is a natural person who resides within this County.

4. Defendant Nationstar Mortgage, LLC ("Defendant" or "Nationstar") in this action is a foreign corporation doing business in this County, and is considered a debt collector under the FDCPA as it was assigned the debt at issue when the debt was allegedly in default and its in the business of collecting defaulted debts owned by others.  It is also a "servicer" under RESPA and a "furnisher" under the FCRA.

5. Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this County.  Its principal place of business is the State of Georgia and it is incorporated in Georgia.

---

[1] Any reference the FCRA, FDCPA or RESPA or any part thereof encompasses all relevant parts and subparts thereto.

6.      Defendant   Experian   Information   Solutions,   Inc.   ("Defendant"   or
        "Experian")  is  a  foreign  company  that  engages  in  the  business  of
        maintaining and reporting consumer credit information and does business in
        this County.  Its principal place of business is the State of California and it is
        incorporated in Ohio.

7.      Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign
        company  (incorporated  in  Delaware)  that  engages  in  the  business  of
        maintaining and reporting consumer credit information and does business in
        this County.  Its principal place of business is the State of Illinois and it is
        incorporated in Delaware.

## FACTS

8.      RESPA applies to Defendant Nationstar and to the loan at issue in this case.

9.      The  FDCPA  is  a  federal  law  that  applies  to  debt  collectors  such  as
        Defendant Nationstar.

10.     It prohibits deceptive conduct of any type as well as harassing or unfair
        conduct, even on debts that are owed.

11.     Here,  Defendant  Nationstar  made  false  statements  to  Plaintiff  and  its
        conduct can only be described as unfair and harassing.

12.     The  strict  liability  FDCPA  has  been  repeatedly  violated  by  Defendant
        Nationstar.

13. The FCRA is a law which requires "furnishers" of information (such as Defendant Nationstar) to accurately report and when a consumer disputes false information to the credit reporting agencies (Defendants Equifax, Experian, and TransUnion), then the furnisher must correct false information or delete it.

14. The credit reporting agencies are obligated to correct false information as well.

15. All Defendants failed to correct or delete false information after Plaintiff disputed.

16. Defendant Nationstar is collecting on and has illegally threatened foreclosure on Plaintiff's home.

17. Defendant Nationstar has, among other violations, lied about payments, modifications, and other aspects of Plaintiff's loan being serviced by Defendant Nationstar.

18. All actions of Defendant Nationstar are illegal.

19. All Defendants are falsely reporting the Defendant Nationstar tradeline and have done so before, during, and after FCRA disputes sent to them by Plaintiff.

20. In 2014 Plaintiff had an issue with Nationstar reflecting a large past due balance in excess of $20,000.

4

21.   Nationstar also reported the inaccurate debt to the credit bureaus.

22.   On or about November 17, 2015, Plaintiff discovered that his credit reports from Equifax, Experian, and TransUnion were falsely reporting the Nationstar Account # 61058 (hereinafter the "Account") as being past due in excess of $20,000 in 2015.

23.   Plaintiff attempted to resolve the dispute with Experian, Equifax, TransUnion and Nationstar by mail in November 2015.

24.   In the November 17, 2015 dispute letters Plaintiff disputed inaccurate information on the Account.

25.   The three consumer credit reporting agencies properly informed Nationstar that Plaintiff was disputing the reporting of the Account.

26.   Plaintiff attempted to resolve the dispute directly with Nationstar throughout November and December of 2015 with Nationstar representatives by phone to include Arnita ID 4670845 and Aline ID 0829.

27.   Equifax continued reporting a past due balance of $25,457.

28.   Experian continued reporting a past due balance of $25,647.

29.   Trans Union continued reporting a past due balance of $28,502

30.   Nationstar admitted the credit reporting was inaccurate but it still provided false information that the credit reporting agency Defendants accepted despite the dispute from Plaintiff.

31. Plaintiff attempted to resolve the dispute directly with Nationstar throughout, January, February, March, April and May of 2016 with various representatives by phone.

32. As of April 2016, Plaintiff were current on their mortgage payment of $982.99.

33. On or about May 2016 credit reports from Defendants Experian, Equifax and Trans Union falsely showed Plaintiff past due in excess of $5000.

34. Plaintiff attempted to resolve the dispute with Experian, Equifax, TransUnion and Nationstar by mail in May/June 2016.

35. In the May dispute letters Plaintiff disputed being past due in excess of $5000.

36. The three consumer credit reporting agencies properly informed Nationstar that Plaintiff was disputing the reporting of the Account.

37. Equifax allowed the past due balance of $5002 to remain as well as a balloon payment in the amount of $21,217.

38. Experian continued to report a past due balance of $5002 as of June 2016

39. TransUnion continued to report a past due balance of $5002.

40. Nationstar continued its false reporting.

41. Plaintiff attempted to resolve the dispute with Experian, Equifax, TransUnion and Nationstar by mail by asking for a reinvestigation and submitting copies of documents.

42. On or about June 2016 Plaintiff tried purchasing a boat but was denied credit based on his credit reports.

43. On or about July 5, 2016 Plaintiff asked all Defendants for a reinvestigation of the multiple inaccuracies.

44. Plaintiff included copies of the Nationstar web portal welcome page reflecting the last payment made and the next payment due of August 1, 2016 and copies of the transaction history of the loan starting January 11, 2016.

45. The three consumer credit reporting agencies properly informed Nationstar that Plaintiff was disputing the reporting of the Account.

46. Nationstar told Plaintiff that it would respond to Plaintiff no later than July 20, 2016 but it failed to do so.

47. On or about July 20, 2016 Plaintiff attempted to resolve the issue with Nationstar by phone with three representatives: Rachel ID 8884802432, Detrick ID 972-894-9673 and Zell ID 1061633 and was informed a request would be submitted and it would be three to five days but such was untrue.

7

48. On or about July 29, 2016 Plaintiff attempted to purchase a truck but was denied from 4 different credit grantors due to recent serious delinquencies.

49. Plaintiff did succeed on the 5th try in obtaining an auto loan with a higher interest rate.

50. TransUnion finally corrected at least some of the false information.

51. Experian refused to investigate but later appeared to fix the errors.

52. Equifax has refused to fix all the errors.

53. Nationstar has refused to fix all errors.

54. Plaintiff has sent numerous letters to Defendant Nationstar under the "Request for Information" and "Notice of Error" provisions of RESPA in Regulation X that came into effect January 2014.

55. These letters sought legitimate servicing information and made request to Defendant Nationstar to fix servicing errors.

56. The Plaintiff incurred actual expenses, costs and damages including, but not limited to, the postage costs of mailing the letters, gas money, mileage money travelling to the post office, and other costs and expenses and damages that will be identified in discovery.

57. These letters were mailed to the address specified by Defendant Nationstar to receive Request for Information and Notice of Error letters: Nationstar Mortgage.

58.   Defendant Nationstar failed to properly acknowledge, failed to properly respond, and/or failed to comply with the requirements imposed on it under the law with respect to the letters.

59.   Defendant Nationstar has a pattern and practice of failing to properly respond to Request for Information and Notice of Error letters from consumers such as the Plaintiff.

60.   This allegation is supported by numerous other suits and complaints (including those listed at the CFPB Consumer Complaint Database at http://www.ConsumerFinance.gov/ComplaintDatabase/) against Nationstar and by the repeated refusal by Defendant Nationstar to follow the law on these letters.

61.   This is not an oversight on the part of Defendant Nationstar but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiff when dealing with an alleged mortgage loan.

62.   Defendant Nationstar believes that very few, if any, consumers will take action based upon its refusal to properly and timely respond to letters sent to it pursuant to Regulation X.

63.   Defendant Nationstar continues to send false and illegally threatening monthly mortgage statements.

64.     The actions and inactions of Defendant Nationstar violate the FCRA, FDCPA, and RESPA.

65.     Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes (Plaintiff' home loan) and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

66.     Plaintiff allege the debt was in default at the time the servicing rights were allegedly assigned or transferred to Defendant Nationstar.

67.     Defendant Nationstar is considered a "debt collector" and began engaging in debt collection activities against Plaintiff.

68.     Misrepresentations were made regarding the character, amount, or legal status of the debt.

69.     The amount of the debt, the amount of fees and charges, were incorrect and not supported by the law and by the note and mortgage.

70.     The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendant Nationstar was not legally entitled to take or had no intention of taking.

71.     The threatened foreclosure and other illegal collection activities are not authorized by the contract giving rise to the alleged debt.

72.     Defendant Nationstar used false representations and/or deceptive means to collect on this debt.

73.     The collection methods employed by Defendant Nationstar were harassing and illegal.

74.     As a direct result of the acts complained of against each Defendant, Plaintiff has been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiff's reputation, economic and emotional damages and claim from all Defendants all damages allowable under the law.

75.     All employees and agents of each Defendant acted with the line and scope of their employment and/or agency relationship.

76.     No Defendant has apologized to Plaintiff for its misconduct against Plaintiff.

## COUNT I

## VIOLATIONS OF RESPA BY DEFENDANT NATIONSTAR

77.     All paragraphs of this Complaint are incorporated as if fully set forth herein.

78.     Defendant Nationstar failed to confirm or otherwise acknowledge receipt of all of the Request for Information and Notice of Errors from Plaintiff.

79.     Substantive responses are required to be sent to Plaintiff by Defendant Nationstar within thirty (30) business days of receipt of the notices of error and requests for information.   The Defendant Nationstar has not provided the Plaintiff with a substantive response to all of the multiple requests for information and notice of error letters received by Defendant Nationstar.

80.   The Defendant Nationstar in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with multiple letters from Plaintiff and has been sued for failing to respond to other similar requests under Regulation X, including qualified written requests[2].

81.   As a result of this lack of compliance by the Defendant Nationstar, it is liable to Plaintiff for actual damages, statutory damages for each violation, costs and attorneys fees.

82.   The violations of the law by Defendant Nationstar have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## COUNT II

## VIOLATIONS OF THE FDCPA BY NATIONSTAR

83.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

84.   Defendant Nationstar violated the entirety of the FDCPA including, but not limited to, Sections 1692d, 1692e, 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and1692f(6) as set forth in this Complaint.

85.   As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

---

[2] Qualified Written Requests still exist but for practical purposes have been replaced with requests for information and notices of errors.

## COUNT III

## VIOLATIONS OF THE FCRA BY DEFENDANT NATIONSTAR

86.  All paragraphs of this Complaint are incorporated as if fully set forth herein.

87.  The FCRA requires a furnisher such as Defendant Nationstar, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct a proper investigation.

88.  Defendant Nationstar provided inaccurate information to the consumer reporting agencies or more than one occasion.

89.  Plaintiff notified Experian, Equifax, and TransUnion that Plaintiff' reports concerning Nationstar were inaccurate. Thereafter, the consumer reporting agencies properly notified Nationstar that Plaintiff were disputing the information it had furnished to the consumer reporting agencies.

90.  Defendant Nationstar violated the FCRA by its negligent, wanton, and/or willful misconduct in its refusal to conduct a proper investigation to correct false credit reporting on Plaintiff.

91.  Defendant Nationstar's conduct was a proximate cause of the damages set forth in this Complaint.

## COUNT IV

## VIOLATIONS OF THE FCRA BY DEFENDANTS

## EQUIFAX, EXPERIAN, AND TRANSUNION

92.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

93.   The FCRA requires a credit reporting agency, such as Defendants Equifax, Experian, and TransUnion, to properly investigate disputes submitted by consumers such as Plaintiff.

94.   On multiple occasions, Plaintiff notified Defendants Equifax, Experian, and TransUnion of inaccuracies contained in the credit reports and asked them to correct said inaccuracy.

95.   On multiple occasions, Defendants Equifax, Experian, and TransUnion failed to conduct a reasonable reinvestigation of inaccuracies that Plaintiff disputed.

96.   Defendants Equifax, Experian, and TransUnion failed to review and consider all relevant information submitted by Plaintiff.

97.   Defendants Equifax, Experian, and TransUnion failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff' credit reports, information and file, in violation of the FCRA.

98.   As a result of the above-described violations of the FCRA, Plaintiff has sustained damages as set forth in this Complaint.

99.   Defendants  Equifax, Experian, and TransUnion violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff having set forth his claims for relief against each Defendant, respectfully prays of the Court as follows:

a.   That Plaintiff have and recover against each Defendant a sum to be determined by a jury in the form of actual/compensatory damages; nominal damages; punitive damages; and statutory damages;

b.   That each Defendant be enjoined from further violations of the law against Plaintiff;

c.   That Plaintiff have reasonable attorney's fees, costs, expenses; and

d.   That Plaintiff have such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

**s/John G. Watts**
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**s/John G. Watts**
**Attorney for Plaintiff**

16

**<u>Please serve Defendant by certified mail at the following address:</u>**

Nationstar Mortgage, LLC
c/o CSC Lawyers Incorporating SRV, Inc.
150 S. Perry Street
Montgomery, AL 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104



**AlaFile E-Notice**

63-CV-2016-901171.00

To: NATIONSTAR MORTGAGE, LLC
C/O CSC LAWYERS INC SRV
150 S. PERRY STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

REUBEN CURB V. NATIONSTAR MORTGAGE, LLC ET AL
63-CV-2016-901171.00

The following complaint was FILED on 10/27/2016 11:14:34 PM

Notice Date:     10/27/2016 11:14:34 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2016-901171.00

To: EQUIFAX INFORMATION SERVICES LLC
C/O CSC LAWYERS INC SERV
150 S. PERRY STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

REUBEN CURB V. NATIONSTAR MORTGAGE, LLC ET AL
63-CV-2016-901171.00

The following complaint was FILED on 10/27/2016 11:14:34 PM

Notice Date:     10/27/2016 11:14:34 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2016-901171.00

To: EXPERIAN INFORMATION SOLUTIONS, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

REUBEN CURB V. NATIONSTAR MORTGAGE, LLC ET AL
63-CV-2016-901171.00

The following complaint was FILED on 10/27/2016 11:14:34 PM

Notice Date:     10/27/2016 11:14:34 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



**AlaFile E-Notice**

63-CV-2016-901171.00

To: TRANSUNION, LLC
C/O PRENTICE-HALL CORP SY
150 S. PERRY ST.
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

REUBEN CURB V. NATIONSTAR MORTGAGE, LLC ET AL
63-CV-2016-901171.00

The following complaint was FILED on 10/27/2016 11:14:34 PM

Notice Date:     10/27/2016 11:14:34 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian Information Solutions Inc.

c/o CT Corporation System
2 N. Jackson St. St. 605
Montgomery AL 36104

9590 9402 1723 6074 7520 42

2. Article Number (Transfer from service label)

7016 0600 0000 1719 8329

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    Date of Delivery

NOV 2016

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

United States
Postal Service

9590 9402 1723 6074 7520 42

USPS TRACKING #

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE, ROOM 214
TUSCALOOSA, AL 35401

CV-16-901171 ANN SUMMONS

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

2016 NOV 16

W-16-26171 AWM SAMMONS

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Equifax Information Services LLC
c/o CSC Lawyers Inc. Srv.
150 S. Perry St.
Montgomery AL 36104

9590 9402 1723 6074 7506 35

2. Article Number (Transfer from service label)

7016 0600 0000 1719 8312

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
                                        10

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   ($)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING #

9590 9402 1723 6074 7506 35

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

MARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE, ROOM 214
TUSCALOOSA, AL 35401

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

MW-00171 ANN CUMMINS

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TransUnion LLC
c/o Prentice Hall Corp Sy
150 S Perry St
Montgomery AL 36104

9590 9402 1723 6074 7520 59

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING#

9590 9402 1723 6074 7520 59

United States
Postal Service

2016 NOV 14    PM 2: 38

• Sender: Please print your name, address, and ZIP+4® in this box •

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 214
TUSCALOOSA, AL 35401

MAGARIA H. BOBO
CIRCUIT COURT
TUSCALOOSA COUNTY

CV-2016-901711.00 WWN SUMMONS

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

**SENDER: COMPLETE THIS SECTION**

1. Article Addressed to:

Millennial Mortgage, LLC
c/o c&c Lawyers Inc. SV
190 S. Perry St.
Montgomery AL 36104

9590 9402 1723 6074 7506 28

2. Article Number (Transfer from service label)

7016 0600 0000 1719 8305

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

9590 9402 1723 6074 7506 28

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

2016 NOV 14   PM 2: 39

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 214
TUSCALOOSA, AL 35401

MAGARIA H. BOBO
CIRCUIT COURT
TUSCALOOSA COUNTY AL

INV-701721 MMM Summons